DECISION
There is a collective bargaining agreement between plaintiffs, a teacher in the Woonsocket School System and the teachers' union, and defendant, Woonsocket School Committee. Plaintiff seeks a declaratory judgment of this Court as to the correct interpretation of an apparent conflict between Article VIII, Section 1 of the agreement and R.I.G.L. (1985 Reenactment)§ 9-1-31 in calculating amounts due Mrs. Morin as a result of her disability.
The parties do not dispute the material facts, summarized as follows:
Hanni Morin is a 55 year old teacher in the Woonsocket School System. She has worked in this capacity for 23 years. On December 12, 1991, she was injured as a result of a student's violent action. Following the advice of her physicians, she has been unable to return to ongoing duties since that time.
Since December, 1991, Mrs. Morin has received her gross pay of $935.01, of which workers' compensation pays $440.45 and the Woonsocket School Committee pays the balance. As allowed under the terms of the collective bargaining agreement, after two years, the Woonsocket School Committee began to deduct the amount of its contribution from Mrs. Morin's accumulated sick leave account. When this account runs out in the near future, Mrs. Morin would receive only the workers' compensation payments.
II.
Section 9-1-31 provides in pertinent part that:
 (d) Any teacher . . . absent from . . . her employment as a result of injury sustained during an assault upon such teacher . . . that occurred while the teacher . . . was discharging . . . her duties within the scope of . . . her employment . . . shall continue to receive . . . her full salary, while so absent, except that the amount of any workers' compensation award may be deducted from . . . her salary payments during such absence. The time of such absence shall not be charged against such teacher's . . . sick leave, vacation time or personal leave days.
 (e) A person so injured in accordance with subdivision (d) above and who receives a disability therefrom, which renders them (sic) unable to fully perform their (sic) normal duties shall, if such disability continues for a period of one year, apply to the Rhode Island employees retirement system for appropriate benefits for which that person is entitled
Both parties agree that these statutory provisions override the relevant sections of the collective bargaining agreement. The issues are whether § 9-1-31(e) requires Mrs. Morin to apply to the Employees Retirement Board, even when her physicians have stated that she is not permanently disabled, and what results from her failure to do so.
Defendant argues that sub-section (e) of the statute is designed to limit the burden on the school system by requiring her to apply for retirement benefits after one years. The legislature did not expect the school system to support Mrs. Morin as long as her physicians claim that she is unable to work but may return to work at some indefinite point in the future. Defendant argues that the Retirement Board, rather than Mrs. Morin's physicians, should decide her eligibility for long-term disability benefits.
Plaintiffs argue that the statute does not require Mrs. Morin to apply for retirement benefits where she has no basis to believe she is eligible. As long as there is no evidence that she suffers from a permanent disability, they claim that the requirements governing applications for retirement benefits provided in §§ 16-16-12, 16-16-14, and 16-16-16 make it clear that she will not qualify for retirement benefits. The overall meaning of § 9-1-31, then, is to assure that she will continue to receive her full salary as long as she is unable to work, but not if her disability is "permanent."
It is clear that the parties to a collective bargaining agreement cannot waive rights statutorily given to teachers under § 9-1-31. Mrs. Morin is entitled to the benefits provided by that statute. Berthiaume v. School Committee of Woonsocket,121 R.I. 243, 397 A.2d 889 (1979); D'Ambra v. North Providence SchoolCommittee, 601 A.2d 1370 (R.I. 1992) See also, Chester v. aRusso,
No. 92-0062 — Appeal, (R.I. Supreme Court, November 30, 1995). Contract provisions contained in Article VIII, Section 1 allowing the School Committee to deduct any of Mrs. Morin's pay from her sick leave account are therefore unenforceable.
Sections 16-16-14 and 16-16-16 resolve defendant's objection to making payments to Mrs. Morin indefinitely in the face of her potentially long-term disability. Under these sections, the teacher's department head or a person acting in the teacher's behalf, which in this case may include the Committee, or its designee, may apply to the Retirement Board. The School Committee need not wait for Mrs. Morin to initiate the application. If the Board finds Mrs. Morin eligible for disability benefits, the School Committee would continue to pay only the difference between her former salary and those benefits.
Section 9-1-31(e) does not, however, provide for any penalty if Mrs. Morin fails to apply for disability benefits. If the Retirement Board determines that Mrs. Morin is not eligible, or none of the parties able to apply for benefits on her behalf does so, then § 9-1-31 protects her right to continue to receive her full salary, with no deductions from her sick leave account.
The plaintiffs will present a form of judgment for entry on notice to the defendant.